PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name ___CALDERON_____JUAN_____C.____

       (Last)             (First)         (Initial)

Prisoner Number ___J-24748_____

Institutional Address ___CSP-SACRAMENTO, P.O. BOX 290066,____

                               REPRESA CA 95671

===================================================================

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN CRISTOBAL CALDERON
_____
Full Name of Petitioner

                   Case No. _____
                   (To be provided by the clerk of
                   court)

    vs.

JAMES WALKER
_____
   Name of Respondent
(Warden or jailor)

                   PETITION FOR A WRIT OF HABEAS CORPUS

**E-filing**

===================================================================

### Read Comments Carefully Before Filling In

Underline: When and Where to File

    You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

1

App. 14-H -- 23

### Who to Name as Respondent

You must name the person in whose actual custody you are.  This usually means the Warden or jailor.  Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced.  These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

### A.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1.  What sentence are you challenging in this petition?

(a)  Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

ALAMEDA COUNTY SUPERIOR COURT,                    OAKLAND   CA
          Court                                   Location

(b)  Case number, if known  A-066711

(c)  Date and terms of sentence  25 to LIFE

(d)  Are you now in custody serving this term?  (Custody means being in jail, on parole or probation, etc.)  Yes  X    No ____

Where?  CSP-SACRAMENTO, NEW FOLSOM  PO BOX 290066, REPRESA CA 95671
     (Name of Institution)                    (Address)

2.  For what crime were you given this sentence?  (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known.  If you are challenging more than one sentence, you should file a different petition for each sentence.)

PC 187

3.  Did you have any of the following?

Arraignment:  Yes  X    No ____    Preliminary Hearing: Yes  x    No ____

Motion to Suppress:  Yes  X    No ____

2

4.   How did you plead?

Guilty _____    Not Guilty _X_    Nolo Contendere _____

Any other plea (specify) _____

5.   If you went to trial, what kind of trial did you have?

Jury _X_    Judge alone _____    Judge alone on a transcript _____

6.   Did you testify at your trial?   Yes _X_   No _____

7.   Did you have an attorney at the following proceedings:

(a)  Arraignment   Yes _X_  No _____
(b)  Preliminary hearing      Yes _X_  No _____
(c)  Time of plea  Yes _X_  No _____
(d)  Trial    Yes _X_  No _____
(e)  Sentencing   Yes _X_  No _____
(f)  Appeal   Yes _X_  No _____
(g)  Other post-conviction proceeding   Yes _____   No _____

8.   Did you appeal your conviction?    Yes _X_   No _____

(a)  If you did, to what court(s) did you appeal?

| | | | 1995 | DENIED |
|---|---|---|---|---|
| Court of Appeal | Yes _X_ | No _____ | (Year) | (Result) |
| Supreme Court of California | Yes _X_ | No _____ | 1996 (Year) | DENIED (Result) |
| Any other court | Yes _____ | No _X_ | (Year) | (Result) |

(b)  If you appealed, were the grounds the same as those that you are raising in this petition?   Yes _____   No _X_

(c)  Was there an opinion?   Yes _____   No _____

(d)  Did you seek permission to file a late appeal under Rule 31(a)?   Yes _____   No _X_

If you did, give the name of the court and the result:

_____

9.   Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?   Yes _X_   No _____

3

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a)  If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court ALAMEDA COUNTY SUPERIOR COURT

Type of Proceeding PETITION OF HABEAS CORPUS (STATE)

Grounds raised (Be brief but specific):

a.    INEFECTIVE ASSISTANCE OF COUNSEL

b.

c.

d.

Result DENIED                          Date of Result 10-22-07

II.   Name of Court SUPREME COURT OF CALIFORNIA

Type of Proceeding PETITION OF HABEAS CORPUS

Grounds raised (Be brief but specific):

a.    INEFECTIVE ASSISTANCE OF COUNSEL

b.

c.

d.

Result DENIED                          Date of Result 5-14-08

III.  Name of Court NA

Type of Proceeding

Grounds raised (Be brief but specific):

a.

4

b. _____

c. _____

d. _____

Result _____ Date of Result _____
    (b)  Is any petition, appeal or other post-conviction
proceeding now pending in any court?    Yes  X    No ____

_____
(Name and location of court)

## B.  GROUNDS FOR RELIEF

State briefly every reason that you believe you are being
confined unlawfully.  Give facts to support each claim.  For example,
what legal right or privilege were you denied?  What happened?  Who
made the error?  Avoid legal arguments with numerous case citations.
Attach extra paper if you need more space.  Answer the same questions
for each claim.

Note:  You must present ALL your claims in your first federal
habeas petition.  Subsequent petitions may be dismissed without review
on the merits.  28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467,
111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One:  __SEE ATTACHED PAGE (1)__ _____

_____

Supporting Facts: _SEE ATTACHED PAGE (1)_____

_____

_____

_____

Claim Two: _____

_____

Supporting Facts: _____

_____

_____

_____

5

CLAIM ONE: PETITIONER CLAIMS THAT HE WAS DENIED HIS STATE AND
FEDERAL RIGHT TO EFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL'S
FAILURE TO INVESTIGATE A POTENTIALLY MERITORIOUS DEFENSE.
(VIOLATION U.S.C.A. 6th AMENDMENT AND CAL. CONST. ARI15)


SUPPORTING FACTS: PETITIONER HAS A HISTORY OF MENTAL ILLNESS
GOING BACK SOME TWENTY YEARS. BECAUSE OF HIS ILLNESS HE IS
REQUIRED TO TAKE DAILY MEDICATION TO REGULATE HIS MENTAL CONDI-
TION. PETITIONER CLAIMS THAT AT THE TIME OF HIS ARREST, THAT HE
WAS NOT TAKING HIS MEDICATION AND HAD BEEN DRINKING EARLIER THAT
MORNING AND THAT THIS HAD EFFECTED HIS MENTAL STATE. AFTER BEING
PLACED IN THE COUNTY JAIL PETITIONER WAS IMMEDIATELY PLACED UNDER
PSYCHIATRIC CARE AND REMAINED UNDER IT UNTIL HIS TRANSFER TO
STATE PRISON. PETITIONER CLAIMS THAT HIS COUNSEL FAILED TO
INVESTIGATE  OR CONSIDER HIS MENTAL HEALTH CONDITION AND HISTORY
IN PREPERATION OF HIS DEFENSE. COUNSEL MADE NO ATTEMPT TO HAVE
PETITIONER PSYCHOLOGICALLY EVALUATED OR OBTAIN AND REVIEW HIS
HIS MENTAL HEALTH RECORDS. DESPITE THE FACT THAT PETITIONERS
MENTAL HEALTH TREATMENT WAS DOCUMENTED IN THE JAIL RECORDS.


SUPPORTING CASES,
 CORRELL VS. STEWART 137 F. 3d1404(9th CIR.1998)
(The)ALMOST COMPLETE ABSENCE OF EFFORT ON THE PART OF CORRELL'S
COUNSEL TO INVESTIGATE, DEVELOP, AND PRESENT MITIGATING EVIDENCE,
INCLUDING EVIDENCE OF CORRELL'S PSYCHIATRIC HISTORY AND HIS
CONDITION AT THE TIME OF THE MURDER, CONSTITUTE DEFICENT PERFO-
RMANCE OUTSIDE THE WIDE RANGE OF PROFESSIONAL COMPETENT ASSIST-
ANCE; STRICKLAND V. 446U.S. AT 690, 104 S Ct. AT 2066

Claim Three: _____

_____    _____

Supporting Facts: _____

_____

_____

_____

If any of these grounds was not previously presented to any other
court, state briefly which grounds were not presented and why:

_____

_____

_____

_____

List, by name and citation only, any cases that you think are
close factually to yours so that they are an example of the error you
believe occurred in your case.  Do not discuss the holding or
reasoning of these cases:

SEE ATTACHED PAGE (1) SUPPORTING CASES _____

_____

_____

Do you have an attorney for this petition?   Yes _____   No _X_
If you do, give the name and address of your attorney:

_____    PRO SE    _____

WHEREFORE, petitioner prays that the Court grant petitioner
relief to which s/he may be entitled in this proceeding.  I verify
under penalty of perjury that the foregoing is true and correct.

Executed on __8-7-08__       _J. C.Calderon_____
                Date                    Signature of Petitioner

(rev. 5/96)

6

App. 14-H -- 28

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION:  (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [x] State Supreme Court
- [ ] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

S158532

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re JUAN CRISTOBAL CALDERON on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

MAY 1 4 2008

Frederick K. Ohlrich Clerk

Deputy

**GEORGE**

Chief Justice

# EXHIBIT COVER PAGE

B

EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: ____1____ pages.

JURISDICTION:   (Check only one)

☐ Municipal Court

☒ Superior Court

☐ Appellate Court

☐ State Supreme Court

☐ United States District Court

☐ State Circuit Court

☐ United States Supreme Court

☐ Grand Jury

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**     Dept. No. 9

Date: October 19, 2007        Hon. LARRY GOODMAN, Judge          Fil R. Cruz, Dep.Clk.
                                                                 Not Reported, Reporter

IN RE: JUAN CRISTOBAL CALDERON              Counsel appearing:   No Appearance
                      Petitioner            for Petitioner

vs.                                         Counsel appearing:   No Appearance
                                            for Respondent
**PEOPLE OF THE STATE OF CALIFORNIA**

                      Respondent

---

Nature of Proceedings: **EX PARTE PETITION FOR WRIT OF HABEAS CORPUS**

                                                    Case No: 116731
                                                    PFN:   AVA381
                                                    CEN: 3155858

The Petitioner is not present.

The Court having reviewed the Petitioner's Petition for Writ of Habeas Corpus filed October 19, 2007, **NOW HEREBY ORDERS**: The Petition is denied.

The issues raised and the minimal facts set forth do not constitute newly discovered evidence or present facts not previously known to petitioner. Thus the petition is untimely and petitioner has failed to demonstrate good cause for a delay of over thirteen years in raising the issues set forth in the petition. In addition petitioner has not explained why the petition is exempt from the timeliness requirements. If the petition is timely or exempt from the timeliness requirements, the petition fails to state a prima facie case for relief. Petitioner has not met his burden of establishing that his counsel's conduct failed to conform to an objective standard of reasonable competence nor has he established that his counsel's acts or omissions resulted in prejudice.

<u>CLERK'S CERTIFICATE OF MAILING (CCP 1013a)</u>

I certify that the following is true and correct: I am a Deputy Clerk employed by the Alameda County Superior Court. I am over the age of 18 years. My business address is 1225 Fallon Street, Oakland, California. I served this EX PARTE ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS by placing a copy in an envelope addressed as shown below and then by sealing and placing it for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Oakland, California, following standard court practices.

Juan Cristobal Calderon
CDC # J-24748
PO Box 290066
Represa, CA 95671

Date: October 22, 2007                        Executive Officer/Clerk of the Superior Court

                                         By _____
                                              Fil R. Cruz, Deputy Clerk

(Rev. 5/3/07)

# EXHIBIT COVER PAGE

C

EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION:   (Check only one)

Municipal Court

Superior Court

Applellate Court

State Supreme Court

United States District Court

State Circuit Court

United States Supreme Court

Grand Jury

MC-275

Name Juan Cristobal Calderon

Address PO BOX 290066

Represa CA 95671

CDC or ID Number   J-24748

Alameda County Superior Court

_____
(Court)

**PETITION FOR WRIT OF HABEAS CORPUS**

Juan Cristobal Calderon
Petitioner

vs.                                        No. _____

Warden Walker                                   *(To be supplied by the Clerk of the Court)*
Respondent

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

**This petition concerns:**

[x] A conviction       [ ] Parole

[ ] A sentence       [ ] Credits

[ ] Jail or prison conditions       [ ] Prison discipline

[ ] Other *(specify):* _____

1. Your name: Juan Cristobal Calderon

2. Where are you incarcerated? CSP Sacramento- New Folsom

3. Why are you in custody? [✓] Criminal Conviction    [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

     FIRST DEGREE MURDER

b. Penal or other code sections: PC 187

c. Name and location of sentencing or committing court: Alameda County Superior Court

d. Case number: A066711

e. Date convicted or committed: 5-19-94

f. Date sentenced: 6-15-94

g. Length of sentence: 25to life plus one year

h. When do you expect to be released? 8-17-2015

i. Were you represented by counsel in the trial court? [x] Yes.    [ ] No. If yes, state the attorney's name and address:

     CHARLES A. PURCELL    600 WASHINGTON, FIFTH FLOOR

                          OAKLAND, CA 94607

4. What was the LAST plea you entered? *(check one)*

[X] Not guilty   [ ] Guilty   [ ] Nolo Contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

[X] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Petitioner claims that he was denied his state and federal

right to effective assistance of counsel by councsel's failure

to investigate a potentially meritorious defense.(violation

U.S.C.A. 6th amendment and Cal. const. ARI15)

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Petitioner has a history of mental illness going back some twenty

years. Because of his illness he is required to take daily medic-

ation to regulate his mental condition.Petitioner claims that at

the time of his arrest, that he was not tacking his medication

and had been drinking earlier that morning and that this had eff-

ected his mental state. After being placed in the county jail

petitioner was immediately under psychiatric care and remained

under it until his transfer to state prison. Petitioner claims

that his counsel failed to investigate or consider his mental

health condition and history in preperation of his defense.Couns-

el made no attempt to have petitioner psychologically evaluated

or to obtain and review his mental health records. despite the

fact that petitioner's mental health treatment was documented in

the jail records.

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

SEE ATTACHED PAGE.

SUPPORTING CASES, rules or other authority  p3(b)


THE UNITED STATES SURPREME COURT HAS STATED IN THE CASE OF McMANN
v. RICHARDSON, 397 U.S. 759,771,N 14.90 s. ct.1441.N.14.25.L Ed 2d
763(1970). "IF THE 6th amendment RIGHT TO COUNSEL IS TO BE
OBSERVED, THEN DEFENDENTS CAN NOT BE LEFT TO THE MERCIES OF
INCOMPETANT COUNSEL.)" IN THE CASE OF STRICKLAND V. WASHINGTON.,
446 U.S. 668.80. L. Ed 2d 674(1984). THE UNITED STATES SURPREM
COURT HELD THAT "COUNSEL MUST AT MINUMUM,CONDUCT A REASONABLE
INVESTIGATION ENABLING HIM TO MAKE INFORMED DECISIONS ABOUT HOW
BEST TO REPRESENT HIS CLIENT." HAD TRIAL COUNSEL PERFORMED
COMPETENTLY, HE WOULD HAVE LEARNED THE PETITIONER HAD EXHIBITED
SYSTOMS OF MENTAL ILLNESS AND HAD RECIEVED TREATMENT FOR HIS
ILLNESS IN THE COUNTY JAIL. HE WOULD HAVE ALSO DETERMINED THAT
PETITIONERS MENTAL STATUS WAS INEXTRICABLY LINKED TO HIS ABILITY
TO FORM THE SPECIFIC INTENT NECESSARY TO CONVICT HIM OF THE CRIME
IN THIS CASE.


    IT HAS BEEN WELL SETTLED PRINCIPAL THAT FAILURE TO CONDUCT
A REASONABLE INVESTIGATION CONSTITUTES DEFICENT PERFORMANCE.
COUNSEL CAN HARDLY BE SAID TO HAVE MADE A STRATEGIC CHOICE,
WHEN HE HAS NOT YET OBTAINED THE FACTS ON WHICH SUCH A DECISION
COULD BE MADE. WHEN APPLYING THE TWO PRONG "STRICKLAND TEST"
OF INEFFECTIVENESS THAT THE U.S. SURPREM COURT HAS SET OUT IN
STRICKLAND V. WASHINGTON 466 U.S. 688.80.L.Ed 2d 674,I.E.(1) THAT
COUNSELS ACT OR OMISSION FELL BELOW THE PREVAILING PROFESSIONAL
NORM, AND (2) THAT BUT FOR COUNSELS ACTIONS, THE OUTCOME WOULD
HAVE BEEN DIFFERENT, AND WHEN CONSIDERING THE FACTS, AND THE
CIRCUMSTANCES SURROUNDING THIS CASE, THERE CAN BE NO DOUBT THAT
COUNSELS FAILURE TO INVESTIGATE THE PETITIONERS MENTAL HEALTH,
FELL BELOW THAT WHICH IS REQUIRED OF COMPETENT COUNSEL.


    AND THAT COUNSELS FAILURE TO INVESTIGATE DENIED THE
PETITIONER A POTENTIALLY MERITORIOUS DEFENSE, IN THAT THE CRIME
FOR WHICH PETITIONER WAS CONVICTED CARRIES AN ELEMENT OF INTENT
AND THUS PETITIONERS STATE OF MIND AT THE TIME WAS RELEVENT AND
DIRECTLY TIED TO HIS CULPABILITY.

7. **Ground 2 or Ground** N/A *(if applicable):*

a. Supporting facts:

N/A

b. Supporting cases, rules, or other authority:

N/A

**PETITION FOR WRIT OF HABEAS CORPUS**

8. Did you appeal from the conviction, sentence, or commitment?   [X] Yes.   [ ]   No.  If yes, give the following information:
   a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
       CONNECTION AFFIRMED

   b.  Result   CONVICTION AFFIRMED _____   c.  Date of decision: _____

   d.  Case number or citation of opinion, if known: _____

   e.  Issues raised:  (1) _____

       (2) _____

       (3) _____

   f.  Were you represented by counsel on appeal?  [ ]  Yes.  [ ]  No. If yes, state the attorney's name and address, if known:

       _____

9. Did you seek review in the California Supreme Court?  [X]  Yes  [ ]  No.  If yes, give the following information:

   a.  Result _____   b.  Date of decision: _____

   c.  Case number or citation of opinion, if known: _____

   d.  Issues raised:  (1) _____

       (2) _____

       (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal,
    explain why the claim was not made on appeal:

    _____

    _____

11. Administrative Review:

    a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust
        administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975)
        52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such
        review:

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

    b.  Did you seek the highest level of administrative review available?  [ ]  Yes.  [ ]  No.
        *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court?  ☐ Yes. If yes, continue with number 13.  ☒ No. If no, skip to number 15.

13. a.  (1) Name of court: _____

   (2) Nature of proceeding (for example, "habeas corpus petition"): _____

   (3) Issues raised: (a) _____

      (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

   b.  (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

      (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

   c.  For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

_____    SEE ATTACHED TOLLING FORM    _____

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date:
9-29-07

▶ _____ (SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Page six of six

TOLLING


THOUGH THERE IS NO SET TIME LIMIT FOR FILING A STATE
WRIT OF HABEAS CORPUS COURTS EXPECT DUE DILIGENCE WHEN CLAIMS ARE
KNOWN,(IN RE JAMES (1952) 38 cal.2d 302.

PETITIONER BY AND THROUGH INMATE RANKINS V71789 (the
undersigned), SETS FOURTH FACTS FOR SUBSTANTIAL DELAY WHY THIS
PETITION WAS NOT FILED EARLIER PURSUENT TO IN RE CLARK (1993) 5
cal. 4th 750 21cal.Rptr. 2d 509 ; in re Swain (1949) 34 cal.2d
300; in re MOSS (1985) 175 cal. App. 3d 913 221 cal. Rptr. 645 .

THE PETITIONER HAS BEEN UNDER  CONTINUED PSYCHIATRIC
SUPERVISION SINCE 1941, THOUGH THOSE PARTICULAR RECORDS ARE
UNAVAILBLE TO PETITIONER, UNTIL THIS TIME. SEE EXHIBIT(A) AS SUCH
PETITIONER WITH LIMITED EDUCATION AND ABSOLLUTELY NO EXPERIENCE
AT LAW HAS SLOWLY CONNECTED THE FACTS WITH THE LEGAL PRINCIPLE
AND RIGHTS CLAIMED HEREIN THROUGH THE OCCASIONAL CONTACT WITH
JAILHOUSE LAWYERS. IT SHOULD BE NOTED THAT PETITIONERS APPELLATE
LAWYER ALL BE ABANDON THE PETITIONER AND THESE CLAIMS. IN RE
SANDER (1999) 20 cal. 4th 1083A 84 cal. Rptr. 2d 403 .


9-26-07

## MDS   MENTAL HEALTH PLACEMENT

NAME: **CALDERON**          **JUAN**          CDC # **J24748**     ☐ HOUSING   **FD-B5-131L**
Last              First         MI                              ck if RC

THIS INMATE HAS COMPLETED A MENTAL HEALTH EVALUATION WITH THE FOLLOWING RESULTS :

☐ **Does Not Meet Criteria**  for Inclusion in the Mental Health Treatment Population.

☒ **Meets Inclusion Criteria**  for the MH Treatment Population.   (Check Level of Care [LOC] Below)
    ☐ No   ☒ Yes   Inclusion is for Medical Necessity, (Obtain Chief Psychiatrist Signature Below).

☐ **Presently Included in**  MHSDS, new LOC below (Check LOC Below)

**LOC:** ☐ Inpatient (DMH)   ☐ Crisis Bed (MHCB)   ☐ Enhanced Out Patient (EOP)/Cat J   ☒ Clinical Case Management (CCCMS)/Cat J

Level of Functioning Assessment (GAF score):   **65**          Psychotropic Medication Prescribed: ☒ Yes   ☐ No

Behavioral Alerts:  **CHRONO FOR 1/11/06 IDTT.**

| | | |
|---|---|---|
| Spehling, S. PSW | 6748 | 1/20/2006 |
| **EVALUATING CLINICIAN** | **PHONE EXT.** | **DATE** |

---

HIGH DESERT STATE PRISON

**REQUEST FOR PSYCHIATRIC/PSYCHOLOGICAL SERVICES**
**STAFF REFERRAL**
CDC-128B

NAME: *CALDERON*          CDC# *J-24748* HOUSING: *P3- 208Y*
LAST        FIRST        MI

REFERRED BY: *Mendoza*          TITLE: *Sgt*          EXT. _____

☐Inmate Non-English Speaking   Primary Language: _____

REASON FOR REFERRAL: (Please check the underline reason(s) and give an example or comment on the lines below.)

☐ History of psychiatric care / needs re-assessment
☐ Expresses suicidal ideation or recent attempts
☐ Incapable / unwilling to care for self
☐ Confused / disoriented / withdrawn
☐ Unprovoked hostility / assaultiveness

☐ Recommend psychiatric medication review
☒ Exhibits bizarre behavior (describe below)
☐ Poor appetite / sad / fearful / nervous
☐ Poor self control / unpredictable / interrupts daily routines of self/others
☐ Hears things / sees things / imagines things

Describe: *seen by S. Spehling PSW 1/9/06 12:00*

Date: *1/9/06*

MADE IN USA

---

HIGH DESERT STATE PRISON

**REQUEST FOR PSYCHIATRIC/PSYCHOLOGICAL SERVICES**
**STAFF REFERRAL**
CDC 128

NAME: *Calderon*          CDC# *J-24748* HOUSING: *D3 225*
LAST        FIRST        MI

REFERED BY: *JHARWOOD*          TITLE: *MTA*          EXT. *1700*

☐ Inmate Non-English Speaking   Primary Language: _____   Check one: Emergency _____ Urgent _____ Routine *X*

REASON FOR REFERRAL: (Please check the primary reason(s) and give an example or comment on the lines below.)

☒ History of psychiatric care / needs re-assessment
☐ Expresses suicidal ideation or recent attempts
☐ Incapable / unwilling to care for self
☐ Confused / disoriented / withdrawn
☐ Unprovoked hostility / assaultiveness

☒ Recommend psychiatric medication review
☐ Exhibits bizarre behavior (describe below)
☐ Poor appetite / sad / fearful / nervous
☐ Poor self control / unpredictable / interrupts daily routines of s
☐ Hears things / sees things / imagines things

Describe: *I/m status no longer wants to take medication.*

Date: *1/30/06*

(Revision)



*COPY INFORMATION ONTO PAGE 1 AFTER MENTAL HEALTH EVALUATION IS COMPLETE*

| Institution:  CSP-SAC | Clinician: A. Nguyen, Ph.D. | Date: 07/03/2007 |
|---|---|---|

**I. PATIENT INFORMATION / PRESENTING PROBLEM / SUMMARY OF EVALUATION**

A. Current Setting: ☐ GP ☐ ASU ☐ SHU ☐RC ☐ CCCMS ☒ EOP ☐ PSU ☐ MHCB ☐Other:

| Classification Score: | Data Source(s)for this Evaluation: ☒Interview☒C-File ☒UHR ☐ Other |
|---|---|

| I/M Ethnicity: Latino | Non-English Language: No | Level: I / II/ III / **IV** | CDCR Arrival Date: 06/27/94 |
|---|---|---|---|

| MEPD: 08/17/2015 | Inmate Interviewed On:  06 /25 /2007 | Level of Cooperation:  Good |
|---|---|---|

Consent for Release of Information on File: ☐ Yes ☒ No        ☐ Records Requested                Date: _____
☐ Records obtained from:

B. Reason for Evaluation:  **Initial Evaluation**

☒ MH Screening Indicates Possible: ☐Thought Disorder ☒ Mood Disorder ☒Suicidality ☐  Other

☐ Staff Referral Indicates: ☐ MH History ☐ Medication Review ☐ Danger to Self ☐ Danger to Others ☐ Other

| ☐ Patient Self Referral | Describe: |
|---|---|

C. Current Diagnosis          Axis I:  295.70  Schizoaffective Disorder – Depressed Type (RO);   304.80  Polysubstance Dependence (Inst. Rmsn.)

Axis II:  301.7  Antisocial Personality Disorder

Axis III:  None

Axis IV:  Incarceration

| Axis V: Current GAF:  49 | AIMS Score: | AIMS Date: | ☐Keyhea | Keyhea Expires:  N/A |
|---|---|---|---|---|

D. Behavioral Alert: ☐ Suicidal ☐ Self Injurious ☒ Assaultive ☐ Gravely Disabled ☐ Other
Other Relevant Information:IM has had 6 mutual combative incidents and 1 IM battery incident at HDSP in which he stabbed his cellie 7x w/a pen
DD Category: NCF

| E. List Medications, Dose, Route, Frequency: | Target Symptoms, Compliance, Duration: |
|---|---|
| Risperdae | |
| Lexapro | |
| Benadryl | |
| Allergies: | |

F. Clinical Summary and Recommendation:
33yo Latino male, born in El Salvador, and came to the US in 86 when he was 15 yo. He is serving a 25yrs – life term for 1° murder with a

deadly weapon. Killed another man by stabbing him in the neck cutting both the carotid and jugular. Afterwards, he denied to the police x2 & at the

trial with 3 different stories that contradicted the video that clearly implicated him in the crime. While in CDC, he has had 5 in-cell mutual combat

1-manufacturing weapon, 1-battery w/weapon. Currently experiencing mild sx of depression, some A/V hallucination, and paranoid thoughts.

G. New Level of Care: ☐ CCCMS ☒EOP ☐MHCB    DMH: ☐ APP ☐ ICF ☐ DTP

| H. Parole Date:  N/A | Region/Office: |
|---|---|

| Parole Agent: | Phone Number: | Fax Number: |
|---|---|---|

| I. Evaluation Follow Up Time Frame:  1:1 1x/week & 90 days IDT | Medication Follow-up Time Frame:  2 – 4 Wks |
|---|---|

|  | Inmate's Name (Last, First, MI), CDC Number, DOB |
|---|---|
| **MENTAL HEALTH EVALUATION**<br>CDCR 7386 (06/06)<br>Confidential Client / Patient Information<br>Page 1 of 14 | **Calderon       Juan** |

| STATE OF CALIFORNIA | DEPARTMENT OF CORRECTIONS AND REHABILITATION | **CDC #J-24748** | **DOB:** |
|---|---|---|---|

```
                          *** PATIENT PROFILE ***
                Includes Current Prescriptions as of 06/19/2007

*************************************************************************
J-24748  CALDERON, J                                 CURRENT UNIT: A7 119L
ALLERGIES:                      DOB:   / /     HT:   ft  in     WT:    0
=========================================================================
START      Rx/Qty DRUG                               PHYSICIAN        STOP
=========================================================================
05/31/2007 848138  MIRTAZAPINE 45MG                  TRANSFER MD   08/07/2007
VD            30   TAKE 45MG QHS PACK\QHS    NO REFILL             B1 226
-------------------------------------------------------------------------
06/18/2007 848136  RISPERIDONE 2MG                   TRANSFER MD   08/07/2007
NNT           30   TAKE 2MG QAM PACK\QAM*A6*NEW ARRIVAL            A7 119L
-------------------------------------------------------------------------
06/18/2007 848137  RISPERIDONE 4MG                   TRANSFER MD   08/07/2007
NNT           30   TAKE 4MG QHS PACK\QHS*A6*NEW ARRIVAL            A7 119L
-------------------------------------------------------------------------
06/18/2007 848139  DIPHENHYDRAMINE 25MG              TRANSFER MD   08/07/2007
NNT           30   TAKE 25MG PO QHS *A6* PACK\QHS* NEW ARRIVAL     A7 119L
-------------------------------------------------------------------------
```

| Date | Time | COMMENTS (USE SOAIRE FORMAT) |
|---|---|---|
| 09/10/07 | 1045 | Inmate was seen at:  ☒Treatment booth   ☐ Cell-side   ☐ Other: |
| | | Special Communication Assistance Needs (SCAN): ☒ Not Indicated  ☐ Indicated<br>If indicated, SCAN due to: ☐ Armstrong/LD ☐ Non-English language ☐ Organicity ☐ Clark ☐ Other:<br>Communication Techniques used: ☐ Spoke slowly  ☐ Read materials ☐ Rephrased sentences & questions<br>☐ Simple   English ☐ Verified patient understood what was said ☐ Other:<br>Results: Effective communication ☒ achieved ☐ not achieved<br>☐ additional comments: |
| | S | Stated that his mother & his sis whose son died. He noticed that she still felt sad as they talked about him. Was getting help from another IM to appeal his case. Believed that he shouldn't get a life sen--tence if he was drunk and unaware of his violent actions. He felt remorse for killing his victim. He recalled that the man b/c the guy tried to p/u his GF which made him angry. He thought that he was punching the victim, but wasn't aware at the time that he was stabbing the victim. When disc going CCCMS LOC, IM asked for SNY b/c he had problems w/the Southern Mexican gangs before. |
| | O | Feelings – good; Appetite – OK; Sleep – OK; Denied any S/I or H/I; Has A-hallucination but same as previously, but doing OK; Yd & Groups – attnds w/o prompting; Single celled; Appearance – WNL; Thoughts – linear & organized; Stated med compliant and denied any side-fx; ORx3. |
| | A | Axis I: Schizoaffective Disorder – Depressed Type (RO); Polysubstance Dependence (Inst. Rmsn.) GAF = 55. |
| | P | Provide groups and follow up 1:1 to monitor stability in feelings, mood, and behavior. |
| | E | Encouraged IM to continue in his program. Listened & provided empathy for emotional containment Evaluate IM for readiness to LOC Δ to CCCMS. |

| INSTITUTION CSP-SAC | CLINICIAN A. NGUYEN, Ph.D. | SIGNATURE: | BED NUMBER FB7-214 |

**INTERDISCIPLINARY PROGRESS NOTES**
CDCR 7230 MH (Rev. 06/06)
Confidential Client/Patient Information

Last Name:  First Name:  MI:
Calderon  Juan
CDC # J-24748  DOB:

| Date | Time | COMMENTS (USE S.O.A.P.E. FORMAT) |
|------|------|-----------------------------------|
| 09/17/07 | 1020 | Inmate was seen at:  ☒ Treatment booth  ☐ Cell-side  ☐ Other: |
| | | Special Communication Assistance Needs (SCAN):  ☒ Not Indicated  ☐ Indicated<br>If indicated, SCAN due to: ☐ Armstrong/LD  ☐ Non-English language  ☐ Organicity  ☐ Clark  ☐ Other: |
| | | Communication Techniques used: ☐ Spoke slowly  ☐ Read materials  ☐ Rephrased sentences &  questions<br>☐ Simple    English  ☒ Verified patient understood what was said  ☐ Other: |
| | | Results:  Effective communication ☒ achieved  ☐ not achieved<br>☐ additional comments: |
| | S | Last weekend, had a visit from his mom &n his sis, the mother of the nephew who died in a car |
| | | Accident 6 mo ago. Stated that he apologized to her for not sharing his condolences sooner, b/c the |
| | | Family didn't inform him. They had a good visit, he stated & was still mourning at the same time |
| | | Feeling depressed that he has a life sentence. Hearing voices "Telling me I'm no good," he said, & |
| | | Giving him a hard time. Stated that he killed his victim while drunk & feeling rage b/c Victim had |
| | | tried to pickup his GF. Believed that he shouldn't get LOWP b/c he didn't know what he was doing. |
| | O | Feelings – depressed (6/10); Appetite – OK; Sleep – OK; Denied any S/I or H/I; Has A-hallucination |
| | | felt harassed by them; Yd & Groups – attnds w/o prompting; Single celled; Appearance – WNL; |
| | | Thoughts – linear & organized; Stated med compliant and denied any side-fx; ORx3. |
| | A | Axis I:  Schizoaffective Disorder – Depressed Type (RO); Polysubstance Dependence (Inst. Rmsn.) |
| | | GAF = 55. |
| | P | Provide groups and follow up 1:1 to monitor stability in feelings, mood, and behavior. |
| | E | Encouraged IM to continue in his program. Listened & provided empathy for emotional containment |
| | | Tried to see whether IM could gain insight into his sense of regret & the voices. Evaluate IM for |
| | | readiness to LOC Δ to CCCMS. |

| INSTITUTION<br>CSP-SAC | CLINICIAN<br>A. NGUYEN, Ph.D. | SIGNATURE: | BED NUMBER<br>FB7-214 |
|---|---|---|---|

| **INTERDISCIPLINARY PROGRESS NOTES**<br>CDCR 7230 MH (Rev. 06/06)<br><br>Confidential Client/Patient Information | Last Name:          First Name:          MI:<br><br>Calderon  Juan<br><br>CDC # J-24748    DOB: |
|---|---|

Juan Calderon
J 24748 B7-126
C.S.P. Sacramento
P.O. Box 290066
Represa CA 95671

RECEIVED

AUG 2 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA. 94102-3483

LEGAL MAIL

John C. Bailey, Jr. cc: CSP-SAC IV-EOP 8/21/08